**IN THE COURT OF APPEALS OF IOWA**

No. 23-0860
Filed July 3, 2024

**JOSHUA JAMES ROYER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, Joshua P. Schier, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Erin Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

A Des Moines County jury found Joshua James Royer guilty of first-degree murder for shooting and killing Eddie Cooper Martin in 2014. As relevant to this appeal, Royer sought pretrial change of venue based on local news coverage. The court denied Royer's request, finding the news coverage was not inflammatory and providing that individual voir dire of jurors would be allowed to explore media exposure. We affirmed Royer's conviction on direct appeal, rejecting challenges related to jury selection and evidentiary rulings. *See State v. Royer*, No. 15-0895, 2016 WL 6652339, at *1–3 (Iowa Ct. App. Nov. 9, 2016).

Royer applied for postconviction relief, asserting among other claims that his trial jury was not impartial and appellate counsel should have challenged the venue-change ruling on direct appeal. The case was tried on a stipulated record, and the postconviction court denied relief. Royer appeals, and we review de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

Royer's first claim urges he did not have an impartial jury at trial because one of the jurors had an undisclosed connection or relationship with the victim's family. We do not reach the merits of this claim, as it is barred by Iowa Code section 822.8 (2017), which prohibits piecemeal litigation. Under this provision, "a claim not raised on direct appeal cannot be raised in a postconviction relief proceeding unless the applicant can demonstrate a sufficient cause or reason for not properly raising the issue previously." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Royer does not urge any sufficient cause that would allow us to reach this issue—such as a claim trial counsel handled jury selection ineffectively—and the issue was litigated to some extent through the motion for new trial in the

criminal case and was not argued on direct appeal. *See id.* Royer did not file a reply brief in this appeal, leaving the State's argument on section 822.8 unanswered. And we are not independently aware of any sufficient cause that would allow Royer to bypass section 822.8. We therefore must apply the bar on piecemeal litigation and affirm the postconviction court's denial of the impartial-jury claim on that basis.

Royer's second claim asserts his direct-appeal lawyer was ineffective for not challenging the denial of his motion to change venue. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A postconviction applicant claiming ineffective assistance must prove both (1) counsel's performance fell below reasonable standards and (2) if counsel had acted differently, there would be a reasonable probability of a different outcome at trial. *Id.* at 687–88, 694; *see Sothman*, 967 N.W.2d 522–23. And when it comes to appellate counsel's work, "[s]electing assignments to assert as grounds for reversal is a professional judgment call we are reluctant to second-guess." *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998).

Royer does not claim the news coverage was so inflammatory that prejudice must be presumed. *See State v. Evans*, 671 N.W.2d 720, 726 (Iowa 2003) (listing the factors for publicity to be presumptively prejudicial). Instead, he focuses on statements four potential jurors made during voir dire to explain why pretrial publicity was pervasive and why he believes the venue-change motion should have been granted. The problem for Royer is that none of these four prospective

jurors rendered a verdict in his case: only one of those potential jurors was selected for trial, and she was an alternate who did not deliberate. And the trial and PCR courts found the articles "provided factual, noninflammatory, nonmisleading information concerning this case," which Royer does not refute. We also broadly agree with the postconviction court's observation that the criminal-trial court "went to great lengths" to ensure jury selection produced an impartial jury, such as by calling an expanded venire pool and permitting individual voir dire. Direct-appeal counsel had no duty to challenge the venue-change ruling, as Royer could not prove prejudice then—just as he cannot prove it now. We are not convinced there is any reasonable probability Royer could have shown an abuse of discretion in denying the motion for venue change on this record. And appellate counsel exercised reasonable judgment in electing to not pursue the issue on direct appeal. *See Osborn*, 573 N.W.2d at 922.

**AFFIRMED.**